# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| **DONALD KRISIK,** | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:25-cv-1060-SEM-DJQ |
| | ) |
| **NICHOLAS JONES, et al.,** | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Plaintiff *pro se* Donald Krisik, who is incarcerated at Illinois River Correctional Center ("Illinois River"), filed an Amended Complaint (Doc. 33) under 42 U.S.C. § 1983, which is now before the Court for screening. For the following reasons, the Court finds that Plaintiff may proceed on an Eighth Amendment deliberate indifference claim against Defendant Jones, an Eighth Amendment failure to intervene claim against Defendant Marter, and a First Amendment retaliation claim against Defendant Jones. The remaining parties and claims are dismissed without prejudice for failure to state a claim.

# I. AMENDED COMPLAINT

## A. Screening Standard

The Court must "screen" Plaintiff's Amended Complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the Amended Complaint, the Court accepts the factual allegations as accurate, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## B. Facts Alleged

At all times relevant to his Amended Complaint, Plaintiff was an inmate at Illinois River. Plaintiff names the following Defendants: Sergeants Nicholas Jones and Miller, Correctional Officers John Marter III, Brewer, Hart, Fred Nanny, and

Bailey, Internal Affairs Officers Jessica Petrovics, Brad Johnson, Lisa Ellinger, Redshaw, and Adams, Dietary Supervisors Corey Cohagan and Stacy Harmison, Dietary Manager Brian Peters, Program Committee Hearing Officer Susan King, Officers of Security Baker, Franzoni, Slater, and Green, Global Tel Link Coordinator Ashley Pollitt, Jozie King, Mental Health Practitioner Layne Stambaugh, Ness Brooks, and John and Jane Does (Illinois River staff members).

In Plaintiff's Amended Complaint, Plaintiff did not name Defendants Dwayne Pierson, Joshua Bowten, David Stevenor, Ray, Waljasper, Jennifer Meeker, Lindsey McLaughlin, Wexford Health Sources Incorporated, Carrie, Ginger McGinnis, Lisa Bishop, Kaylee, Julie Haggerty, Oscar Gomez, Terri Hicock, Lindsay Tate, Markley, Collier, Schrodt, Dawdy, Nick Orwig, Cheryl Hinthorne, Passmore, McKenzie, Chance Jones, Lynette Boughan, Kellie Dennis, Heather Daniels, Nurse John/Jane Doe, Kamman, Johnny Nidiffer, James Thompson, John/Jane Doe (mail handling employee), Scott McCormick, Sharad Garbharran, William Puga, Shawn Thrush, John Loftus, Tiffany Jinkins-Carter, Christine

Lindsey, LaToya Hughes, and Amanda. Therefore, these Defendants are dismissed without prejudice.

Plaintiff alleges his cellmate, Dwayne Pierson, used his GTL tablet to report vulgar and sexually explicit comments Plaintiff made about staff members at Illinois River. Plaintiff alleges Pierson's reports caused Defendants Sergeant Jones and Correctional Officer Marter to conduct an unauthorized shakedown of their cell (3-D-60) on October 17, 2023.

During the search, Defendant Jones allegedly contaminated Plaintiff's petroleum jelly with an unknown chemical agent, presumably bleach. Plaintiff alleges Defendant Marter witnessed Defendant Jones contaminating Plaintiff's petroleum jelly and failed to intervene. Plaintiff alleges he used the contaminated petroleum jelly as a lubricant and suffered severe burns and scarring on his penis.

Plaintiff alleges Defendants Petrovics, Adams, Ellinger, Johnson, Redshaw, Cohagan, Susan King, Peters, Harmison, Baker, Slater, Franzoni, Green, Nanny, Bailey, Brooks, Miller, Brewer, Hart, Pollitt, Jozie King, Stambaugh, and John and Jane Does were deliberately indifferent to his safety by not

restricting the use of Pierson's tablet and failing to discipline Pierson for reporting the sexually explicit comments Plaintiff made about staff members.

In approximately October 2023, Plaintiff also alleges Defendant Franzoni told him: "You know how you get somebody good for messing with their wife? You put something in their KY jelly." (Doc. 33 at p. 13). Plaintiff alleges Defendant Franzoni failed to protect him because he should have confiscated the contaminated petroleum jelly before Plaintiff used it and suffered injuries.

Plaintiff alleges he filed a Prison Rape Elimination Act ("PREA") report against Defendant Jones for contaminating his petroleum jelly. Plaintiff alleges Defendant Jones violated his First Amendment rights by retaliating against him for filing grievances and a PREA report by searching his cell on June 19, 2024, threatening to place him in segregation, and issuing him a disciplinary report for insolence.

Plaintiff also claims Defendants Bailey, Nanny, Franzoni, Green, and Cohagan retaliated against him by making

aggressive and harassing comments to Plaintiff shortly after he began filing grievances against Defendant Jones.

### C. Analysis

Prison officials violate the Eighth Amendment when they act with deliberate indifference to "an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S 825, 837 (1994). The risk of harm to which the prisoner was subjected must be objectively serious. *Sinn v. Lemmon*, 911 F.3d 412, 419 (7th Cir. 2018). A prison official acts with deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

Here, the facts alleged in Plaintiff's Amended Complaint are sufficient to proceed on an Eighth Amendment deliberate indifference claim against Defendant Jones for allegedly contaminating Plaintiff's petroleum jelly with a chemical agent on October 17, 2023, which allegedly caused Plaintiff to suffer severe burns and scarring on his penis.

Plaintiff alleges Defendant Marter was present during the cell search on October 17, 2023, witnessed Defendant Jones contaminate Plaintiff's petroleum jelly with a chemical agent, and failed to intervene. A failure to intervene claim requires evidence of the following: (1) the defendant knew of the unconstitutional conduct; (2) the defendant had a realistic opportunity to prevent the harm; (3) the defendant failed to take reasonable steps to prevent the harm; and (4) the plaintiff suffered harm as a result. *Yang v. Hardin,* 37 F.3d 282, 285 (7th Cir. 1994). The Court finds Plaintiff's allegations are sufficient to proceed on an Eighth Amendment failure to intervene claim against Defendant Marter.

Plaintiff's allegations against Defendant Franzoni, who allegedly failed to confiscate the contaminated petroleum jelly from Plaintiff before he used it, are insufficient to state a failure to protect claim.

Plaintiff's allegations are also insufficient to state a claim against Defendants Petrovics, Adams, Ellinger, Johnson, Redshaw, Cohagan, Susan King, Peters, Harmison, Baker,

Slater, Franzoni, Green, Nanny, Bailey, Brooks, Miller, Brewer, Hart, Pollitt, Jozie King, Stambaugh, and John and Jane Does.

Plaintiff alleges Defendant Jones retaliated against him for filing grievances and a PREA report against him by searching his cell on June 19, 2024, threatening to place him in segregation, and issuing him a disciplinary report. To proceed on a First Amendment retaliation claim, Plaintiff must successfully allege that (1) his speech was constitutionally protected, (2) he suffered a deprivation likely to deter free speech, and (3) his speech was at least a motivating factor in the [Defendant's] action. *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006). Prisoners have a protected First Amendment right to file grievances and may not be disciplined for filing grievances. *Dobbey v. Illinois Dep't of Corr.*, 574 F.3d 443, 446 (7th Cir. 2009); *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). Making a PREA complaint is also a constitutionally protected activity. *See Lindell v. Meli*, No. 21-2761, 2022 WL 1635616, at *2 (7th Cir. May 24, 2022). The Court finds Plaintiff's allegations are sufficient to proceed on a First Amendment retaliation claim against Defendant Jones.

Finally, Plaintiff alleges Defendants Bailey, Nanny, Franzoni, Green, and Cohagan retaliated against him for filing grievances against Defendant Jones by making aggressive and harassing comments. Verbal harassment generally does not rise to the level of a constitutional violation, though some harassment may be serious enough to constitute cruel and unusual punishment. *Boston v. Brown*, No. 25-CV-1525-DWD, 2025 WL 2377992, at *2 (S.D. Ill. Aug. 15, 2025) (citing *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015) (finding that verbal sexual harassment, accompanied by suggestive gestures, that created a risk both from the harasser and fellow inmates, was sufficient to proceed beyond initial review)). Plaintiff does not allege that Defendants' comments placed him in any danger or that they deterred him from filing grievances. Plaintiff fails to state a claim against Defendants Bailey, Nanny, Franzoni, Green, and Cohagan.

## II. COUNSEL REQUEST

Also pending before the Court is Plaintiff's Motion to Request Counsel. (Doc. 28).

## A. Standard

A *pro se* litigant has no right to counsel in a civil case. *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). However, the federal statute authorizing *in forma pauperis* status provides a court "may request an attorney to represent any person unable to afford counsel." See 28 U.S.C. 1915(e)(1). A court does not have the authority to require an attorney to accept *pro bono* appointments in civil cases. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007).

When confronted with a request for *pro bono* counsel under 28 U.S.C. §1915(e)(1), the district court is to make the following inquiries: (1) whether the indigent plaintiff made a reasonable attempt to obtain counsel or has been effectively precluded from doing so; and if so, (2) given the difficulty of the case, whether the plaintiff appears to be competent to litigate it himself. *Pruitt*, 503 F.3d at 654-55.

The first inquiry is a mandatory threshold determination and requires the plaintiff attempt to obtain a lawyer independently. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir.

2021). This typically requires writing to several lawyers and attaching the responses received.

As for the second element, the district court must undertake "the individualized analysis that *Pruitt* requires[.]" *Navejar v. Iyiola*, 718 F.3d 692, 697 (7th Cir. 2013). Specifically, the court must consider "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Pruitt*, 503 F.3d at 655. This inquiry must be a "practical one, made in light of whatever relevant evidence is available on the question." *Id*. The court should take account of all evidence in the record relevant to the plaintiff's ability to litigate. *Navejar*, 728 F.3d at 696. Such evidence may include any physical, intellectual, or psychological limitations the plaintiff may have and the practical problems the plaintiff may encounter in gathering evidence from individuals employed by an institution where he is no longer housed. *Navejar*, 718 F.3d at 698.

Assistance in recruiting counsel is appropriate only where the plaintiff shows his case is one of those few in which

it appears from the record that the legal and factual difficulty exceeds his ability to prosecute. *Pruitt*, 503 F.3d at 654-55. This question is different from whether a lawyer might do a better job. *Id.*

### B.  Analysis

In Plaintiff's Motion, Plaintiff states he contacted multiple attorneys and law firms to seek representation. Plaintiff attached letters from five attorneys who declined to represent him in this matter. The Court finds Plaintiff has satisfied the first, threshold requirement.

Regarding the second inquiry, Plaintiff states he has no litigation experience. Plaintiff claims his imprisonment will limit his ability to litigate this case, which will involve substantial investigation and discovery. Plaintiff states he was diagnosed with bipolar disorder, and a psychiatrist deemed him "moderately unable to function." (Doc. 28 at p. 3).

The Court is cognizant of the challenges presented by Plaintiff's mental health condition and imprisonment. However, Plaintiff's filings to date—in particular, his Amended Complaint—are relatively clear and organized. Further, the

Court has narrowed the claims and Defendants in the instant Order, such that Plaintiff's case only involves two Defendants. After Defendants Jones and Marter file an answer to Plaintiff's Amended Complaint, the Court will enter a Scheduling Order, which will explain important deadlines, the discovery process, and the Court's procedures in more detail.

The Court finds Plaintiff appears competent to represent himself in this case, especially at this early stage of the process. Plaintiff's Motion is denied, with leave to renew should his circumstances change at a later stage of litigation.

**IT IS THEREFORE ORDERED:**

1) **According to the Court's Merit Review of Plaintiff's Amended Complaint under 28 U.S.C. § 1915A, Plaintiff has alleged enough facts to proceed with an Eighth Amendment deliberate indifference claim against Defendant Nicholas Jones, an Eighth Amendment failure to intervene claim against Defendant John Marter, and a First Amendment retaliation claim against Defendant Nicholas Jones. Additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

2) **The remaining Defendants named in Plaintiff's Complaint and Amended Complaint are DISMISSED WITHOUT PREJUDICE for failure to state claim upon which relief may be granted under Federal Rule of**

Civil Procedure 12(b)(6) and § 1915A. The Clerk is directed to TERMINATE all Defendants on the docket except for Defendant Nicholas Jones and John Marter.

3) Plaintiff's Motion to Request Counsel [28] is DENIED, with leave to renew.

4) Plaintiff's Motions for Status of Merit Review [34], [35] are now MOOT.

5) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions, to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit evidence to the Court unless otherwise directed by the Court.

6) The Court will attempt service on Defendants by mailing a waiver of service. Defendants have sixty days from service to file an Answer. If Defendants have not filed an Answer or appeared through counsel within ninety days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

7) Defendants shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an Answer. The Answer should include all defenses appropriate under the Federal Rules. The Answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless

and until Defendants file a motion. Therefore, no response to an Answer is necessary or will be considered.

8) This District uses electronic filing, which means that, after Defendants' counsel has filed an appearance, counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Therefore, Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendants' counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Instead, Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance, and the Court has entered a scheduling order, which will explain the discovery process in more detail.

9) If a Defendant no longer works at the address provided by Plaintiff, the entity for whom Defendant worked while at that address shall submit to the Clerk Defendant's current work address or, if not known, Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

10) Defendants' counsel is granted leave to depose Plaintiff. Defendants' counsel shall arrange the time for the deposition.

11) **Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in the dismissal of this case with prejudice.**

12) **If a Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendant and will require Defendant to pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).**

13) **The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

14) **The Court directs the Clerk to attempt service on Defendants under the standard procedures.**

ENTERED November 12, 2025.

s/ *Sue E. Myerscough*

---
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE