UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DONALD KRISIK,<br>    Plaintiff,<br><br>    v.<br><br>NICK JONES, et al.,<br>    Defendants. | )<br>)<br>)<br>) No. 1:25-cv-1060-SEM-DJQ<br>)<br>)<br>) |

## MERIT REVIEW ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Before the Court is a Motion for Leave to File Amended Complaint filed by Plaintiff *pro se* Donald Krisik, who is incarcerated at Illinois River Correctional Center ("Illinois River"). (Doc. 46). For the following reasons, the Motion is granted.

### I. Background

The Court entered a Merit Review Order on November 12, 2025, allowing Plaintiff to proceed on an Eighth Amendment deliberate indifference claim against Defendant Jones, an Eighth Amendment failure to intervene claim against Defendant Marter, and a First Amendment retaliation claim against Defendant Jones. (Doc. 36). Defendants Jones and

Marter filed their Answer and Affirmative Defenses on January 12, 2026. (Doc. 42).

On January 27, 2026, Plaintiff filed a Motion for Leave to File Amended Complaint requesting leave to file a Second Amended Complaint to make certain corrections and add additional physical and mental injuries. (Doc. 46). Defendants did not file a response. Pursuant to the Court's Scheduling Order, leave of Court is required to file an Amended Complaint more than 21 days after an Answer or other responsive pleading is filed. (Doc. 44 at ¶ 2). Plaintiff filed his Motion within 21 days after Defendants filed their Answer. Additionally, Federal Rule of Civil Procedure 15(a) provides that leave to amend should be given freely, when justice so requires. FED. R. CIV. P. 15(a)(2). Therefore, Plaintiff's Motion is granted. The Court will conduct a merit review of Plaintiff's Second Amended Complaint.

## II. Screening Standard

The Court must "screen" Plaintiff's Second Amended Complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is

legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the Second Amended Complaint, the Court accepts the factual allegations as accurate, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### III. Facts Alleged

At all times relevant to his Second Amended Complaint, Plaintiff was an inmate at Illinois River. Plaintiff names Sergeant Nick Jones and Correctional Officer John Marter as Defendants.

Plaintiff alleges his cellmate, Dwayne Pierson, used his tablet to report sexually explicit comments Plaintiff made about female staff members at Illinois River. Plaintiff alleges Pierson's reports caused Defendants Sergeant Jones and

Correctional Officer Marter to conduct an unauthorized shakedown of their cell (3-D-66) on October 17, 2023.

During the search, Defendant Jones allegedly contaminated Plaintiff's petroleum jelly with bleach or other chemicals. Plaintiff alleges Defendant Marter, who was present during the search, witnessed Defendant Jones contaminating Plaintiff's petroleum jelly and failed to intervene.

Plaintiff alleges he used the contaminated petroleum jelly as a lubricant to masturbate and suffered extremely painful burns and permanent scarring on his penis. Plaintiff also alleges he experienced pain when standing and showering and could not lift weights for approximately five months. Plaintiff states he still experiences burning in his penis after ejaculation and saw a urologist on July 25, 2025.

Plaintiff also alleges he suffered burns on both legs after he applied the contaminated petroleum jelly to a cut on his shin. Plaintiff alleges he developed psoriasis on his legs, which causes constant burning, itching, and flaking.

Plaintiff alleges he experiences mental and emotional distress due to his injuries and ongoing medical issues.

Plaintiff alleges he filed grievances and a Prison Rape Elimination Act ("PREA") report against Defendant Jones for contaminating his petroleum jelly. Plaintiff alleges Defendant Jones violated his First Amendment rights by retaliating against him for filing grievances and a PREA report by searching his cell on June 19, 2024, threatening to place him in segregation, and issuing him a disciplinary report for insolence.

## IV. Analysis

Prison officials violate the Eighth Amendment when they act with deliberate indifference to "an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S 825, 837 (1994). The risk of harm to which the prisoner was subjected must be objectively serious. *Sinn v. Lemmon*, 911 F.3d 412, 419 (7th Cir. 2018). A prison official acts with deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

Here, the facts alleged in Plaintiff's Second Amended Complaint are sufficient to proceed on an Eighth Amendment deliberate indifference claim against Defendant Jones for allegedly contaminating Plaintiff's petroleum jelly with bleach or other chemicals on October 17, 2023, which caused Plaintiff to suffer injuries.

Plaintiff alleges Defendant Marter was present during the cell search on October 17, 2023, witnessed Defendant Jones contaminate Plaintiff's petroleum jelly with a chemical agent, and failed to intervene. A failure to intervene claim requires evidence of the following: (1) the defendant knew of the unconstitutional conduct; (2) the defendant had a realistic opportunity to prevent the harm; (3) the defendant failed to take reasonable steps to prevent the harm; and (4) the plaintiff suffered harm as a result. *Yang v. Hardin,* 37 F.3d 282, 285 (7th Cir. 1994). The Court finds Plaintiff's allegations are sufficient to proceed on an Eighth Amendment failure to intervene claim against Defendant Marter.

Plaintiff alleges Defendant Jones retaliated against him for filing grievances and a PREA report against him by

searching his cell on June 19, 2024, threatening to place him in segregation, and issuing a disciplinary report. To proceed on a First Amendment retaliation claim, Plaintiff must successfully allege that (1) his speech was constitutionally protected, (2) he suffered a deprivation likely to deter free speech, and (3) his speech was at least a motivating factor in the [Defendant's] action. *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006). Prisoners have a protected First Amendment right to file grievances and may not be disciplined for filing grievances. *Dobbey v. Illinois Dep't of Corr.*, 574 F.3d 443, 446 (7th Cir. 2009); *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). Making a PREA complaint is also a constitutionally protected activity. *See Lindell v. Meli*, No. 21-2761, 2022 WL 1635616, at *2 (7th Cir. May 24, 2022). The Court finds Plaintiff's allegations are sufficient to proceed on a First Amendment retaliation claim against Defendant Jones.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Leave to File Amended Complaint [46] is GRANTED, and the Second Amended Complaint is now the operative pleading in this case. The Clerk is directed to file the Second Amended Complaint (Doc. 46 at pp. 1-16).**

2) **According to the Court's Merit Review of Plaintiff's Second Amended Complaint under 28 U.S.C. § 1915A, Plaintiff has alleged enough facts to proceed with an Eighth Amendment deliberate indifference claim against Defendant Nick Jones, an Eighth Amendment failure to intervene claim against Defendant John Marter, and a First Amendment retaliation claim against Defendant Nick Jones. Additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

3) **The Clerk is directed to correct Defendant Jones' name on the docket by changing "Nicholas C Jones" to "Nick Jones."**

4) **As Defendants have already appeared and answered, no waivers need to be issued.**

5) **Defendants are directed to file an answer to Plaintiff's Second Amended Complaint within 21 days of this Order.**

ENTERED February 18, 2026.

                s/ *Sue E. Myerscough*
                _____
                SUE E. MYERSCOUGH
              UNITED STATES DISTRICT JUDGE